**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JAMES LAM III,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
    vs.                                           )        No. 4:22-cv-01058-JAR
                                                  )
DET. SGT. RALPH E. FINN, et al.,                  )
                                                  )
            Defendants.                           )

**MEMORANDUM AND ORDER**

This matter is before the Court on the following filings of self-represented plaintiff James

Lam III:  two applications to proceed in the district court without prepaying fees or costs (ECF

Nos. 2 and 4) and two motions to appoint counsel (ECF Nos. 3 and 6). The Court will grant

plaintiff's applications to proceed in the district court without prepaying fees and costs and assess

an initial partial filing fee of $1.00. The Court will deny without prejudice plaintiff's motions to

appoint counsel. Furthermore, after initial review of plaintiff's amended complaint, the Court will

order the Clerk of Court to issue process as to defendants Detective Sergeant Ralph E. Finn, Officer

Allen, Officer Greg Palovick, and Officer Joshua K. Lovern of the Sullivan Police Department in

their individual capacities.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified inmate account statement as required by 28 U.S.C. § 1915(b). He has submitted a signed and sworn declaration that he is currently incarcerated in the Algoa Correctional Center. He states that he has a monthly income of $5.00. (ECF No. 4). Based on this financial information, the Court will assess an initial partial filing fee of $1.00, which is twenty percent of plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### Background

This is not the first time plaintiff has filed this action in this Court. Plaintiff first filed this § 1983 action on July 11, 2019. *Lam v. Finn, et al.*, 1:19-cv-00111-JAR (E.D. Mo. filed Jul. 11, 2019). Upon initial review of plaintiff's case, the Court highlighted the defects of the complaint and ordered him to file an amended complaint. Plaintiff filed an amended complaint. However, mail to plaintiff from the Court was being returned as undeliverable. Plaintiff had not provided the Court with his current address. Because the Court did not have the correct address of plaintiff, it dismissed his first case without prejudice on December 9, 2019. On January 30, 2020, plaintiff updated his address with the Court. On August 31, 2022, more than two and a half years later, plaintiff filed a motion to reopen the case and amend the complaint, which was denied on September 20, 2022. *Id.* at ECF No. 23.

Two days later, on September 22, 2022, plaintiff filed the case again. It was assigned a new case number and a new judge, *Lam v. Finn, et al.*, 4:22-cv-01036-HEA (filed Sept. 22, 2022). This time, the Court ordered plaintiff to pay the filing fee or file a motion to proceed without prepaying the filing fee. Plaintiff filed a motion to proceed without prepaying the filing fee, but the next day he filed a motion to voluntarily dismiss without prejudice. The Court granted plaintiff's motion to

- 3 -

voluntarily dismiss without prejudice, and dismissed the suit on October 23, 2022. *Id.* at ECF No. 6.

In the meantime, on October 3, 2022, plaintiff filed this case. This new case arises out of the same occurrences as the prior two.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging various forms of misconduct occurring from January 21, 2016 through October 4, 2018. He alleges the following sixteen defendants conspired against him leading to false arrest, false imprisonment, and malicious prosecution: Detective Sergeant Ralph E. Finn, Officer Allen, Officer Greg Palovick, Officer Joshua K. Lovern, City of Sullivan, Stacy Counts, the Peoples Bank, Andrea M. Belfield, Gabriel M. Heintz, Cellular World (Four State Wireless, LLC), Robert Parks, Abbie M. Shirrell, Matthew W. Houston, Franklin County Prosecutor's Office, Franklin County Sheriff's Office, and Sergeant Tracey Suttles.

Plaintiff states that on January 21, 2016, an individual impersonating him entered the Peoples Bank in Sullivan, Missouri. The unknown man opened a checking account in plaintiff's name, fraudulently cashed checks in plaintiff's name, and used the proceeds to make purchases at a cellular store. The man then went to the Factory Connection store in Sullivan, Missouri and attempted to buy more than $400 of merchandise using the fraudulent checks and a stolen credit card. The transaction was declined, and an employee at the Factory Connection contacted the Sullivan Police Department.

Plaintiff states that Detective Sergeant Ralph E. Finn and Officer Greg Palovick of the Sullivan Police Department arrived at the Factory Connection and arrested the man impersonating plaintiff. They searched the man's truck and found evidence that he was committing identity theft and passing bad checks. The officers searched the man's wallet, but did not visually verify his

picture identification. The officers transported the man to the Sullivan Police Department where Officers Allen, Joshua Lovern, Greg Palovick, and Ralph Finn booked and photographed him. They did not fingerprint him. Although the complaint does not explicitly state what name the man gave the officers, presumably he falsely gave the name of plaintiff James Lam III. After 75 minutes, the Sullivan Police Department released the man.

Plaintiff states that Officers Finn and Palovick investigated the case. They spoke to witnesses at both stores, and had store employees sign affidavits. On February 5, 2016, Officer Finn signed a probable cause statement alleging he had probable cause to believe plaintiff James Lam III committed one or more criminal offenses arising out of the theft and attempted theft on January 21, 2016. *See* ECF No. 8 at 18.

On October 26, 2016, prosecutors charged plaintiff with one count of misdemeanor theft of property less than $500. *See State v. Lam*, No. 16AB-CR02338 (Franklin Cty. Cir. Ct. filed Oct. 26, 2016) (ECF No. 8 at 15).[1] Plaintiff states that between February 5, 2017 and October 4, 2018, he was arrested and incarcerated three times for a total of 56 days on this criminal charge. At some point investigators reviewed the mug shot of the unknown man impersonating plaintiff and realized this man was not James Lam III. The criminal proceedings were terminated by the prosecution on October 4, 2018.

Plaintiff states that a cursory investigation of the crime, a visual inspection of the suspect's identification, a review of surveillance footage, or a glace at the mug shot would have revealed that plaintiff was not the individual committing the crimes. Rather, plaintiff was the victim of identity fraud. He states that as a direct result of defendants' actions "it caused me to become homeless for over two years during the Covid pandemic, these events caused me to have a nervous

---

[1] Missouri court's docketing system, Missouri Case.net, no longer has any information regarding these proceedings. Exhibit 12 to plaintiff's amended complaint contains the criminal Information signed by the prosecuting attorney of Franklin County. *See* ECF No. 8 at 15.

breakdown. Recently I've received mental help and am prescribed antipsychotic medication to deal with my severe mental anguish." ECF No. 8 at 23.

For relief, plaintiff seeks $156,000 in compensatory damages and nearly $3.3 million in punitive damages.

## Discussion

*Defendants Detective Sergeant Ralph E. Finn, Officer Unknown Allen, Officer Greg Palovick, and Officer Joshua K. Lavern*

Plaintiff alleges the Sullivan Police Department investigated the criminal case for three months, charging James Lam III with seven criminal actions. Plaintiff states that "a reasonable officer with the same facts should [have] discovered the misidentification of the suspect before submitting probable cause affidavits with false information to the prosecutor's office."

Liberally construed, the Court finds that plaintiff has alleged a plausible claim of false arrest, false imprisonment, and malicious prosecution against defendants Detective Sergeant Ralph E. Finn, Officer Unknown Allen, Officer Greg Palovick, and Officer Joshua Lovern of the Sullivan Police Department. The Court will order service on these defendants in their individual capacities.

*Defendants Stacy Counts, The Peoples Bank, Andrea M. Belfield, Gabriel M. Heintz, and Cellular World*

Plaintiff alleges defendants Stacy Counts, the Peoples Bank, Andrea M. Belfield, Gabriel M. Heintz, and Cellular World conspired with the Sullivan police officers to falsely arrest and imprison plaintiff. These defendants are the bank and cellular stores targeted by the suspect and the employees working at these stores.

Title 42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was

- 6 -

committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint contains no assertions that bank, the store, or their employees were acting under color of state law. Although he states in a conclusory manner that these defendants conspired with the police officers to violate plaintiff's rights, the Court does not consider conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Other than using the words "meeting of the minds" and "conspiracy," plaintiff has not alleged any information linking these private defendants to governmental action. Because plaintiff has not alleged any facts from which the Court could find these private defendants—Stacy Counts, the Peoples Bank, Andrea M. Belfield, Gabriel M. Heintz, and Cellular World—acted under color of state law, they will be dismissed without prejudice.

> *Defendants Robert Parks, Prosecutor, Franklin County; Abbie M. Shirrell, Assistant Prosecutor, Franklin County; Matthew W. Houston, Assistant Prosecutor, Franklin County (the "Prosecuting Defendants")*

Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *see also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id.* On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute

prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Plaintiff alleges the prosecuting defendants "received and investigated" his criminal case before submitting the probable cause affidavits to the Court. ECF No. 8 at 13. However, all of the facts regarding the investigation—that is, inspecting the scene, arresting the suspect, booking the suspect, interviewing witnesses, taking statements, filing affidavits, and arresting plaintiff— plaintiff attributes to the police defendants. Plaintiff states no facts from which the Court could determine the prosecuting defendants did any investigating of plaintiff's criminal charges. As such, his allegations regarding any investigation partaken by the prosecutor defendants are conclusory. The Court need not accept conclusory statements unsupported by facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has alleged no facts from which the Court could find it plausible that the prosecuting defendants conducted any investigation of the allegations of theft. For this reason, the Court finds the prosecuting defendants are subject to absolute immunity, and will dismiss them without prejudice.

*Defendants Sullivan Police Department, Franklin County Prosecutor's Office, and Franklin County Sheriff's Office*

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be

held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Plaintiff alleges the Sullivan Police Department, Franklin County Prosecutor's Office, and Franklin County Sheriff's Department have outdated identification "policies/customs/procedures" that caused his constitutional rights to be violated. He states that these policies "allow[] an unknown suspect, who is committing identity theft to commit criminal acts in their victim's name, then when apprehended and booked/processed at a jail facility, the suspect is misidentified (as their victim)." For relief, plaintiff states that he seeks to have the Sullivan Police Department, Franklin County Prosecutor's Office, and Franklin County Sheriff's Office "update their identification process to facial recognition software/program, so they do not misidentify suspects in the future." ECF No. 8 at 25.

The Court finds plaintiff has not alleged a plausible claim for municipal liability arising out of any official municipal policy or unofficial municipal custom. First, he does not point to a specific policy or custom at issue. Nor does not allege anybody other than himself has been subjected to this allegedly unconstitutional policy or custom. Plaintiff alleges he was falsely arrested because a criminal suspect identified himself as plaintiff and officers did not visually inspect the suspect's identification. Although unclear, plaintiff seems allege officers did not compare the name given by the suspect to the name printed on the suspect's identification card. Nor did officers compare the suspect's appearance to his picture identification. Further, if

plaintiff's allegations are taken as true, officers did not review the suspect's mug shot or any surveillance footage before they arrested plaintiff for the crime.

Liberally construed, plaintiff's injuries might have been caused by subpar investigative work, but plaintiff has not alleged a plausible claim that his injuries were caused by an unconstitutional official municipal policy or an unofficial municipal custom of the Sullivan Police Department, Franklin County Prosecutor's Office, or the Franklin County Sheriff's Department. The Court will dismiss these defendants without prejudice.

*Illegal Search and Seizure—Defendant Tracey Suttles*

Plaintiff alleges that on April 11, 2018, while incarcerated in the Franklin County Jail, he was searched for contraband by Sergeant Tracey Suttles. Sergeant Suttles found a bag of marijuana in plaintiff's jail-issued shoes. On April 16, 2018, plaintiff was charged with a felony for delivery or possession of a controlled substance at the Franklin County Jail. These charges were dismissed by the prosecution on July 15, 2022.

The test for reasonableness of the search of a pre-trial detainee is outlined by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979). The test "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* at 559. Courts consider the scope of the intrusion, the manner in which it is conducted, the justification, and the place in which it is conducted. *Id.*

Plaintiff states that the jail was conducting a jail-wide search for contraband. Plaintiff was not singled out for a search. Moreover, based on the probable cause statement dated April 11, 2018, Sergeant Suttles conducted a "pat down" search. *See* ECF No. 8 at 20. Plaintiff does not allege the search was invasive or abusive. Nor does he claim the search was demeaning or even public. For example, plaintiff was not subjected to a strip search or a visible body cavity search. *See, e.g., Serna v. Goodno*, 567 F.3d 944, 953 (8th Cir. 2009) (addressing visual body cavity search

of pretrial detainees). Additionally, the contraband was found in plaintiff's shoe, which does not suggest the invasion of a private area. There is nothing in plaintiff's alleged facts that would point to an unreasonable search.

For this reason, the Court finds that plaintiff has not alleged a plausible claim of illegal search and seizure against defendant Sergeant Tracey Suttles. These claims will be dismissed.

### Motion for Appointment of Counsel

Finally, plaintiff's motions for appointment of counsel will be denied without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will deny plaintiff's motions for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees and costs are **GRANTED**. [ECF Nos. 2 and 4]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendants Detective Sergeant Ralph E. Finn, Officer Allen, Officer Greg Palovick, and Officer Joshua K. Lovern in their individual capacities. [ECF Nos. 3 and 6]

**IT IS FURTHER ORDERED** that defendants City of Sullivan (Sullivan Police Department), Stacy Counts, the Peoples Bank, Andrea M. Belfield, Gabriel M. Heintz, Cellular World (Four State Wireless, LLC), Robert Parks, Abbie M. Shirrell, Matthew W. Houston, the Franklin County Prosecutor's Office, the Franklin County Sheriff's Office, and Sergeant Tracey Suttles are **DISMISSED without prejudice**.

An order of partial dismissal will accompany this memorandum and order.

Dated this 4th day of April, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE