**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JAMES LAM, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01058-JAR |
| | ) | |
| DET. SGT. RALPH E. FINN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) plaintiff's third motion to appoint counsel (Doc. No. 23); (2) plaintiff's motion to amend the complaint (Doc. No. 33); (3) plaintiff's fourth motion to appoint counsel (Doc. No. 35); (4) plaintiff's second motion to amend/correct the complaint (Doc. 54); and (5) plaintiff's motion for an evidentiary hearing (Doc. 55). For the following reasons, the motions will be denied.

Motions to Appoint Counsel (Doc. Nos. 23 and 35)

Plaintiff has filed his third and fourth motions to appoint counsel. His first two were denied by Order dated April 4, 2023 (Doc. No. 9 at 11). Likewise, his third and fourth motions to appoint counsel will be denied.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors

such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. For these reasons, the Court will deny plaintiff's motions to appoint of counsel.

Plaintiff's Motions to Amend the Complaint

Plaintiff has filed two motions to amend the complaint (Doc. Nos. 33 and 54). Plaintiff's first motion is not accompanied by a proposed amended complaint, and will be denied on this basis. *See* E.D. Mo. L.R. 4.07. Additionally, the first motion to amend the complaint is rendered moot by plaintiff's second motion to amend the complaint, which plaintiff filed two months after the first.

As to the second motion to amend the complaint, plaintiff seeks to amend his complaint more than a year after his original complaint was filed because "[t]here were a few dates and facts I wish to clarify." Under Federal Rule 15(a), leave to amend pleadings shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Even under this liberal standard, a district court may deny a motion for leave to amend if there are compelling reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Here, the Court finds that granting plaintiff's motion to amend would unduly delay these proceedings. The Court has already reviewed the operative amended complaint pursuant to 28 U.S.C. § 1915(e) and has issued process on several defendants.

Currently pending before the Court is defendants' motion to dismiss the amended complaint.

The Court has reviewed plaintiff's proposed amended complaint and finds it substantially similar to the first amended complaint filed March 29, 2023 (Doc. 8). Plaintiff has added no new parties and no new claims, he merely alleges additional facts. Plaintiff does not explain why these facts could not have been alleged in his original complaint or his first amended complaint. Because the Court finds another amended complaint would unduly delay these proceedings without adding substantive value, it will deny the motion. *See Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

Motion for Evidentiary Hearing (Doc. 55)

Finally, plaintiff has filed a motion requesting an evidentiary hearing to establish the date of the accrual of the statute of limitations. Defendants oppose this motion. Presumably, plaintiff seeks to introduce evidence to counter defendants' contention that the accrual of the statute of limitations occurred on October 26, 2016. The Court has reviewed the record, including plaintiff's verified complaint and defendants' motion to dismiss. Based on these filings, the Court does not require an evidentiary hearing to establish the date of the accrual of the statute of limitations. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's third and fourth motions to appoint counsel are **DENIED**. [ECF Nos. 23 and 35]

**IT IS FURTHER ORDERED** that plaintiff's two motions to amend the complaint are **DENIED**. [ECF Nos. 33 and 54]

**IT IS FURTHER ORDERED** that plaintiff's motion for an evidentiary hearing is **DENIED**. [ECF No. 55]

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2023.

4